IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAPLAN INTERNATIONAL NORTH AMERICA, LLC,<br><br>     Plaintiff,<br><br>   -against-<br><br>HARRINGTON URBAN LIVING INC., d/b/a HARRINGTON HOUSING,<br><br>     Defendant. | Case No. 1:25-cv-02195-OTW |

ORDER REGARDING THE
DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**1. Preservation**

All parties and counsel are responsible for taking reasonable and proportional steps to preserve unique ESI that is:

- Within their respective possession, custody, or control.
- Discoverable under FRCP 26(b)(1).

All parties' preservation efforts shall be sufficient to preserve any metadata that the parties agree to produce in Appendix A of this Order.

**2. Collection**

The parties shall collect ESI in a manner that enables them to satisfy the production requirements set forth in this Order. Among other production specifications, the parties must ensure that the collection protocol preserves any:

- Metadata that the parties agree to produce in Appendix A of this Order.
- Familial relationships that they must maintain for embedded files or emails with attachments.

If a party must collect documents that contain hyperlinks to other documents that are stored in shared or collaborative platforms (like Google Drive, SharePoint, or OneDrive), the collecting party should first consult other parties to discuss the feasibility of:

- Including the linked documents in the collection.
- Maintaining the connections between the primary document and the hyperlinked document.

### 3. Processing

A party processing ESI must do so in a manner that enables it to satisfy the production requirements set forth in this Order. Among other production specifications, the parties must ensure that the processing protocol preserves:

- Metadata that the parties agree to produce in Appendix A of this Order.
- Familial relationships that they must maintain for embedded files or emails with attachments.
- Each party shall de-duplicate ESI during processing. Duplicates are defined as documents that have identical digital fingerprints (such as MD5 hash values).

### 4. Production Format

The Parties agree to produce each electronic document, not specifically covered in this agreement as being produced natively, that is responsive, not privileged, and not subject to the attorney work product doctrine and/or any other applicable privilege or protection in bates numbered electronic format as a TIFF file with corresponding searchable text.

Certain file types are not reasonably usable to the requesting party when produced in image format (such as spreadsheets, presentation files, and audio files) and require an alternative production format. The parties shall discuss any such file types to determine whether those files should be produced in native format or in some other reasonably usable format. Should any such file types require redaction, the parties shall discuss how to do so in a mutually agreeable manner.

**(a) Native Production Exceptions**

**(i) Redacted Documents.** A party producing ESI that requires redaction must convert it to an image format and redact the image file for production. The unredacted content of the ESI shall be searchable within the produced image file/included in the corresponding text file.

**(ii) Select File Types.** Certain file types that are not reasonably usable to the requesting party in native format (such as enterprise email, structured data, some social media activity, and files created in proprietary systems) require an alternative production format. The parties shall discuss any such file types to determine whether they can be produced as near native files (such as .PST or .NSF formats for email), as searchable PDFs, or in some other reasonably usable format.

**(b) Unitization**

When producing ESI, a party must ensure that the requesting party can easily determine where a multi-page document begins and ends. For example, a producing party may not:

(i) Combine multiple documents into a single, composite image file.

(ii) Split a multi-page document into separate, single-page images, unless the producing party also provides a load file that enables the requesting party to regroup the distinct pages into a cohesive document.

**(c) Document Families**

For ESI that is part of a document family (emails with attachments and documents containing embedded files), the parties shall determine responsiveness by evaluating the entire document family. If any member of the document family is subject to production, a party should produce all nonprivileged members of the same document family/independently evaluate each family member for responsiveness and produce only those members that are themselves responsive and nonprivileged. The parties shall produce document families sequentially, beginning with the parent document.

**(d) Encrypted or Password-Protected Files**

A producing party shall make reasonable efforts to remove any encryption or password protection prior to production. If the producing party cannot do so, it shall both:

> (i) Provide the requesting party any available encryption keys or passwords needed to access produced ESI.
>
> (ii) Disclose the extent to which encryption or password-protection restricted its ability to review and produce potentially responsive ESI.

**(e) Searchability**

For each document that is searchable in its native format and produced as an image, the producing party shall ensure that the image is searchable.

**(f) Load File Specifications**

A producing party shall provide a load file with each ESI production. The load file shall properly link the native/image file, text file, and metadata for each produced document.

The load file shall provide the metadata set forth in Appendix A attached hereto for each produced document, provided the document included the metadata in its native format (for example, a producing party need not provide "Email from" metadata for a Microsoft Excel file)

**(g) Electronic Comments and Tracked Changes**

Digital files that contain electronic comments and tracked changes shall be produced in a manner that preserves and displays the same.

**(h) Color Documents**

ESI that is maintained by the producing party in color shall be produced in color.

### (i) Hard Copy Documents

**(i) Mandatory Conversion to Electronic Files.** The parties shall scan responsive hard copy documents and produce them in compliance with Appendix A of this Order. For hard copy documents that are not well suited for scanning (such as large maps, schematics, photographs, carbon copies), the parties shall discuss how to best produce such documents or make them available for inspection.

## 5. Organizing ESI Productions

When producing ESI, the parties must comply with FRCP 34(b)(2)(E)(i) by producing it as it is kept in the usual course of its business. ESI is considered to be produced in the manner in which it is kept in the usual course of business when the ESI contains or is accompanied by original file path metadata.

## 6. Post-Production

### (a) Privilege Log

**(i) Timing and Content.** Within 30 days of serving a production, the producing party must serve a privilege log identifying all ESI and non-ESI that it either redacted or withheld from the production due to attorney-client privileged or work product protected content. The privilege log shall comply with FRCP 26(b)(5).

### (b) Inadvertently Produced Protected Material

**(i) Protection Against Waiver.** This Order provides the parties with all protections afforded by Federal Rule of Evidence 502[(b)/(d). A party does not waive either attorney-client privilege or work product protection by disclosing a document in this litigation, regardless of the care the producing party took to avoid the document's disclosure. This nonwaiver provision applies to this litigation and all other state and federal proceedings. This provision applies equally to ESI and hard copy documents.

**(ii) Obligation Upon Receipt of Protected Material.** If a party identifies documents (including ESI) produced by another party that it reasonably expects is subject to attorney-client privilege or work product protection, the party in receipt of the documents must promptly identify the producing party of the same. If the producing party opts to assert its attorney-client privilege or work product protection and claw the document back, it may do so by initiating the process outlined in FRCP 26(b)(5)(B).

## 7. Disputes and Modifications of Order

### (a) Preservation During Dispute

Should a dispute arise as to the discoverability of any ESI, the parties shall promptly take reasonable steps to preserve the subject ESI until they (or the Court) resolve the dispute.

**(b) Process for Resolving Disputes**

A party may obtain relief from any portion of this Order through the written consent of all other parties to this litigation or through a subsequent Court order. A party may not seek relief from the Court unless the party has conferred in good faith with the opposing party.

By: */s/ Nicholas E. Rybarczyk*
Nicholas E. Rybarczyk, Esq.
**BARNES & THORNBURG LLP**
390 Madison Avenue
New York, New York 10017
Telephone: (646) 746-2000
Email: nrybarczyk@btlaw.com

*Attorneys for Plaintiff*

By: */s/ David E. Schorr*
David E. Schorr, Esq.
295 Madison Avenue
New York, New York 10017
Telephone: (212) 949-4430
Email: DES@schorrlegal.com

*Attorneys for Defendant*

**SO ORDERED**

Date:   September 4, 2025

_____
Hon. Ona T. Wang, U.S.M.J.

# APPENDIX A

# METADATA FIELDS FOR ESI PRODUCTION

The table below lists the standard metadata fields to be produced, when reasonably available, for each document. Parties are not required to create fields that do not exist in the ordinary course of business.

| Field Name | Description | Example |
|---|---|---|
| BEGDOC | Starting Bates number for the document. | ABC000001 |
| ENDDOC | Ending Bates number for the document. | ABC000002 |
| BEGATT | Bates number of the first page of the family group. | ABC000001 |
| ENDATT | Bates number of the last page of the family group. | ABC000005 |
| CUSTODIAN | Name of the custodian from whom the document was collected. | John Smith |
| ALLCUSTODIANS | All custodians possessing duplicates of the document. | John Smith; Jane Doe |
| SOURCE | Source location of the document. | John Smith Laptop |
| FILE_NAME | Original file name. | Contract_v3.docx |
| FILE_EXT | Original file extension. | docx |

| FILE_SIZE | Size of the file in bytes. | 25600 |
| --- | --- | --- |
| FILEPATH/FOLDER_PATH | Original folder path of the file. | C:\Users\JohnSmith\Documents |
| DATE_CREATED | Date the file was created. | 06-15-2023 14:33:00 |
| DATE_MODIFIED | Date the file was last modified. | 06-15-2023 14:34:00 |
| MD5/SHA1 | Hash value of the file for deduplication. | ABC123... |
| FROM | Author/sender of the email. | jsmith@example.com |
| TO | Recipients of the email. | jdoe@example.com |
| CC | CC recipients of the email. | manager@example.com |
| BCC | BCC recipients of the email. | secret@example.com |
| SUBJECT | Subject line of the email. | Quarterly Financials |
| SENT_DATETIME | Date and time the email was sent. | 06-15-2023 14:35:00 |
| RECEIVED_DATETIME | Date and time the email was received. | 06-15-2023 14:36:00 |
| AUTHOR | Author field from file metadata. | John Smith |
| TITLE | Title field from file metadata. | Contract for Services |

| PAGE_COUNT | Number of pages in the document. | 5 |
|---|---|---|
| CONFIDENTIALITY | Confidentiality designation. | CONFIDENTIAL |
| REDACTED | Indicates whether a document contains redaction(s) | YES/NO |
| TEXT_LINK | Relative path to extracted text file. | TEXT\ABC000001.txt |
| NATIVE_LINK | Relative path to native file. | NATIVE\ABC000001.xlsx |
| PROD_VOLUME | Production volume identifier. | VOL001 |